UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONALD METTS,

    Plaintiff,

vs.                                                    Case No.: 1:15-CV-587

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA and
FRONTIER COMMUNICATIONS
OF ALABAMA, LLC,

    Defendants.

## COMPLAINT

Donald Metts (Plaintiff) sues The Prudential Insurance Company of America (Prudential) and Frontier Communications of Alabama, LLC (Frontier), and alleges:

1.     This is an action:

    a.     Pursuant to the provisions of The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.§1001, *et. seq.*, for a denied claim for Long Term Disability (LTD) benefits under an employee welfare benefit plan sponsored by Frontier (also known as the "Employer"), through an LTD policy of insurance issued by Prudential under Group Policy No. 44910 (also identified as Group Contract Number G-44910-WV) (hereafter the "LTD Plan" or the "LTD Policy"); and

    b.     An action for breach of contract under a Short Term Disability (STD) policy of insurance provided by Frontier (identified as Frontier STD Policy Effective 10/1/2013) (hereafter the "STD Plan" or the "STD Policy").

A copy of the LTD Policy is attached as Exhibit A and a copy of the STD Policy is attached as Exhibit B.

2. At all times material, Plaintiff was a participant in and a beneficiary of the LTD and the STD Plans.

3. At all times material, Prudential was a foreign corporation that was engaging in business within the State of Alabama, including Escambia and Geneva Counties, Alabama.

4. At all times material, Frontier was a foreign corporation that was engaging in business within the State of Alabama, including Escambia and Geneva Counties, Alabama.

5. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e); 28 U.S.C. § 1331; and 28 U.S.C. § 1367(a)[1]. Furthermore, this action would otherwise be removable from state court pursuant to 28 U.S.C. § 1441(c).

6. This Court has personal jurisdiction over Prudential and Frontier, and venue in this judicial district for this action is proper pursuant to 28 U.S.C. § 1391(b) and (c) and 29 U.S.C. § 1132(e)(2).

7. At all times material, the STD and LTD Plans were in full force and effect.

---

[1] Permitting state law claims to attach to federal question claims on the theory that they are inextricably linked to the same underlying case or controversy.

8. On or before April 1, 2014 Plaintiff became totally disabled from his full time employment with Frontier; and thereafter, filed a timely application for STD and LTD benefits and his notice of claim under the respective LTD and STD Plans as soon as was reasonably possible to do so.

## COUNT 1
## BREACH OF CONTACT - LTD CLAIM

9. Plaintiff realleges paragraphs 1 through 8 as if fully set out herein.

10. At all times material, the Employer or the LTD Plan's Fiduciaries delegated to Prudential the duties and responsibilities for determining benefits and eligibility for benefits under the LTD Plan; the responsibility to act as the LTD Plan's claims fiduciary and claims administrator; to act as the administrator for the LTD Plan; and Prudential is responsible for the operation of the LTD Plan.

11. Prudential pays all LTD benefits due under the LTD Plan from its own assets through the LTD Policy.

12. On or about July 15, 2014, Prudential provided its written decision to deny Plaintiff's LTD claim.

13. Plaintiff timely requested an appeal of the denied claim for LTD benefits, and thereafter, provided additional proof of disability as defined by the LTD Plan as soon as was reasonably possible with such appeals, including additional documentation, records and other information in support of his appeal.

14. On or about February 9, 2015, Prudential provided its final written decision to uphold its July 15, 2014 denial of LTD benefits.

15. Prudential has failed to honor the terms of the Plan by refusing to pay to Plaintiff LTD benefits due under the LTD Plan.

16. Prudential's decision to deny Plaintiff's LTD claim was arbitrary and capricious; constitutes an abuse of its discretion; was wrong, unreasonable and influenced by self-interest; was not based on a deliberate, principled reasoning process; was not based on its obligation to act as a responsible fiduciary should, that is, in manner favorable to the LTD Plan's beneficiary when using its discretion to review a claim that has no reasonable grounds for denial; and derogated Plaintiff's rights to LTD benefits under the terms of the LTD Plan.

17. Plaintiff continues to suffer from impairments which render him disabled as defined by the LTD Plan, and he continues to be disabled to date as defined by the LTD Plan.

18. Plaintiff has exhausted his administrative remedies under the LTD Plan.

19. Plaintiff has complied with all conditions precedent necessary to maintain his claim.

20. Because of Prudential's failure or refusal to pay any LTD benefits due under the LTD Plan, Plaintiff has retained the services of the undersigned attorney and is obligated to pay reasonable fees for his services.

WHEREFORE, Plaintiff demands an order directing The Prudential Insurance Company of America to pay LTD benefits which are due to Plaintiff and continuing; to pay to Plaintiff pre-judgment interest, reasonable attorney's fees and costs incurred in maintaining this action; and all damages that this Court deems appropriate.

### COUNT 2
### BREACH OF CONTACT - STD CLAIM

21. Plaintiff realleges paragraphs 1 through 8 as if fully set out herein.

22. Frontier pays all STD benefits due under the STD Plan from its own assets.

23. Prudential approved Plaintiff's claim for STD benefits; and STD benefits were paid from April 8, 2014[2] to June 1, 2014.

24. On or about May 27, 2014, Prudential provided it written decision to deny Plaintiff's claims for STD benefits beyond June 1, 2014.

25. Plaintiff timely requested an appeal of the denied claim for STD benefits, and thereafter, provided additional proof of disability as defined by the STD Plan as soon as was reasonably possible with such appeals, including additional documentation, records and other information in support of his appeal.

26. On or about July 15, 2014, Prudential provided Plaintiff with its written final denial upholding its May 27, 2014 decision to deny Plaintiff's claim for STD benefits beyond June 1, 2014.

---

[2] Although the claimed disability began April 1, 2014, the Plan provides for the completion of a "Waiting Period of 5 business days (7 calendar days)" before benefits are paid.

27. At all times material, the Frontier or the STD Plan's Fiduciaries delegated to Prudential the duties and responsibilities for determining benefits and eligibility for benefits under the STD Plans; the responsibility to act as the STD Plan's claims fiduciary and claims administrator; to act as the administrator for the STD Plan; therefore, Frontier is liable for the actions of Prudential under the doctrine of *respondeat superior*, including its denials of Plaintiff's claim for STD benefits.

28. Frontier has failed to honor the terms of the Plan by refusing to pay to Plaintiff STD benefits due under the STD Plan.

29. As a direct, proximate, and foreseeable cause of Frontier's breach of contract, the Plaintiff was damaged.

30. Additionally, the decision to deny Plaintiff's STD claim was arbitrary and capricious; constitutes an abuse of its discretion; was wrong, unreasonable and influenced by self-interest; was not based on a deliberate, principled reasoning process; was not based on its obligation to act as a responsible fiduciary should, that is, in manner favorable to the Plan's beneficiary when using its discretion to review a claim that has no reasonable grounds for denial; and derogated Plaintiff's rights to STD benefits under the terms of the STD Plan.

31. Plaintiff continues to suffer from impairments which render him disabled as defined by the STD Plan, and he continues to be disabled to date as defined by the STD Plan.

32. Plaintiff has exhausted his administrative remedies under the STD Plan.

33. Plaintiff has complied with all conditions precedent necessary to maintain his claim.

WHEREFORE, Plaintiff demands an order directing Frontier Communications of the Alabama, LLC to pay STD benefits which are due to Plaintiff and continuing; to pay to Plaintiff pre-judgment interest; to pay costs incurred in maintaining this action; and all damages that this Court deems appropriate.

DATED this 6th day of August, 2015.

C. Phil Hall
Florida Bar No. 0621145
Alabama Bar No.: ASB-3681-E46H
Taylor, Warren & Weidner, P.A.
1823 N. 9th Ave
Pensacola, FL 32503
Tel: 850-438-4899
Fax: 850-438-4044
Attorneys for Plaintiff